UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:  
PAULA JANE JONES

CASE NUMBER:  
09-08415-8-SWH  
CHAPTER 13

DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES, the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on November 18, 2009 or has (have) supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: 15 months @ $1,319.00; 40 months @ $1,132.00 or until all required claims have been paid in full. The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims and Continuing Long Term Debts Paid through this Plan), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4). In this case, general unsecured creditors will receive:$-0-. The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court. The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6. The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). The Plan establishes the Unsecured Pool in this case as $-0-. General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before February 16, 2010 shall be disallowed. Claims of governmental units, proofs of which are not filed before March 29, 2010 shall be disallowed.

8. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

9. <u>No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral, any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by court order or an allowed proof of claim.</u>

10. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated. This shall not apply to the right of a Homeowners' Association to assess, charge or collect post-petition assessments, fees, costs, expenses, or other monetary amounts for obligations due from the debtor(s) to the Homeowners' Association post-petition in accordance with the contract between such parties or restrictive covenants applicable to the real property of the debtor(s) and applicable law.

a. Claims to be paid directly by the Debtor(s):

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 2- BAC Home Loans | DOT - 623 W. Club Blvd. | $185,612.95 secured | To be surrendered (Stay Lifted with 1/26/10 Order) |
| 3- City of Durham | City Tax Lien | $186.55 secured (scheduled amount) | To be surrendered (no POC filed) |
| 5- Durham County | R/E Taxes | $2,716.86 secured (scheduled amount) | To be surrendered (no POC filed) |
| 8- Riverside HOA | HOA Dues | $1,012.50 secured | To be paid direct |
| 10- Wake County | R/E Taxes | $0.00 secured (scheduled amount) | To be paid direct (no POC filed) |

b. Continuing long term debts to be paid by the Trustee:

The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Amount | Int. rate/Term/Mo.Pymt |
|---|---|---|---|
| 6- National City Mtg | DOT | | <u>Contractual payment in the amount of $964.72/mo. to be made by Trustee effective with the December 2009 payment.</u> |

c. Claims to be paid by Trustee to extent of claim as filed:

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 7- National City Mtg | Arrears | $4,310.10 secured | Includes arrears of July 2009 through November 2009 |

d. Claims to be paid by Trustee as secured to extent of collateral value, with remainder of claim to be treated as unsecured:

| Creditor | Collateral | Secured Value | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| NONE | | | |

11. The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral,

       the claims will be treated as unsecured and paid with other unsecured claims;

<u>Creditor</u>      <u>Collateral</u>    <u>Present Value</u><u>Repayment</u>      <u>Rate/Term</u>

NONE

12.   The treatment of claim indicated in paragraphs 10 and 11 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

13.   CONTINUING LONG TERM DEBTS TO BE PAID THROUGH THE PLAN BY THE TRUSTEE:

Continuing long term debts listed in ¶10(b) to be paid by the Trustee through the confirmed Plan shall be paid its contractual monthly payments by the Trustee <u>with the Debtor(s) to resume direct payments upon completion of plan payments</u> to be paid to the Trustee by the Debtor(s) under the Confirmed Plan. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

If the monthly payment on the account changes, the creditor must inform the Trustee, the Debtor(s) <u>and</u> the attorney for the Debtor(s) in writing either before the change or within 30 days after the change and must include an itemization of the payment change by principal, interest, escrow and any other costs *subject to the prohibition of ¶9, above*. Failure to provide such notice shall result in a waiver by the creditor of the right to collect any increase in the monthly payment for which notice thereof was not provided unless otherwise ordered by the Court.

Within 30 days of completion of the Debtor's Plan payments, the Trustee will serve upon the mortgagee, the Debtor(s) and the attorney for the Debtor(s), a notice stating (1) that any pre-petition arrearage claim has been paid in full, (2) that all post-petition mortgage obligations have been paid, (3) that the mortgagee is required to treat the mortgage as reinstated and fully current in all obligations under the mortgage, (4) that if any post-petition obligations have not been timely paid, the mortgagee is required to itemize all outstanding obligations as of the date of the notice, and file a statement of these obligations with the Court, giving notice to the Trustee, the Debtor(s) and the Debtor(s) attorney within 60 days of service of the notice from the Trustee (or such longer time as the Court may order), (5) that if the mortgagee fails to file and serve a statement of the outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current in all obligations as of the date of the Trustee's notice, and (6) that if the mortgagee does serve a statement of outstanding obligations within the required time, the Debtor(s) or the Trustee may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the Court, on notice to the mortgagee, the Debtor(s) and attorney for the Debtor(s), with the Court resolving the challenge as a contested matter, or (ii) propose a modified Plan to provide for payment of additional amounts acknowledged by the Debtor(s) to be due or which the Court determines to be due.

To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the Court to be invalid or are not paid by the Debtor(s) through a modified Plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the Trustee to serve the notice required by this subparagraph.

Costs of collection, including attorney's fees, incurred by the claim holder, and approved by the Court, after the filing of this Bankruptcy case and before the final payment under the Plan shall be added to the pre-petition arrearage claim.

14.   The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below.

With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. §362(a) shall be lifted and modified with respect to such agreement and any property held by the creditor or lessor, including but not limited to any security deposit, "for cause under 11 U.S.C. §362(d)(1).

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| 25- T-Mobile | Cell Phone Service | Assumed |

15. Priority claims shall be paid in full over the term of the Plan;

16. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

17. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

18. That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00. The Trustee recommends to the Court a fee of $3,000.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: March 16, 2010

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

REVISED 03/06/08

EXHIBIT "A"

NAME OF DEBTOR(S): PAULA JANE JONES    CASE NUMBER: 09-08415-8-SWH

|  |  |  | GROSS INCOME: |
|---|---|---|---|
| EMPLOYMENT: | Debtor: | RTI International | $3,519 |
|  |  | Business Income | $ 53 |
|  |  | Live in Family | $ 158 |

BUSINESS:              NON-BUSINESS: X

Prior Bankruptcy Cases: Yes:   No: X
If so, Chapter filed:   Disposition:

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description:       5040 Brooke Lauren Ln.
FMV             $119,380                              Date Purchased
Liens            $125,882                              Purchase Price   $
Exemptions      $    0                                Improvements    $
Equity          $    0                                Insured for      $
Rent            $   -0-                               Tax Value        $
Tenants by Entirety: Yes ()   No (X)
COMMENTS:

Description: 623 West Club Blvd.
FMV:            $125,000                              Date Purchased
Liens:          $188,330                              Purchase Price   $
Exemptions:     Surrendered                           Improvements    $
Equity          $    0                                Insured for      $
Rent            $    0                                Tax Value        $

Attorney Fees:
Requested:          $3,000 (excluding filing fee)
Paid:              $ 200 (excluding filing fee)
Balance:           $2,800
Trustee's Recommendation: $3,000
Comments:   John T. Orcutt

| Plan Information: After 341 |  |  | Payout % After 341 |  |
|---|---|---|---|---|
| Total Debts | $42,004 | Pay in      $65,065 | Priority | 100% |
| Priority | $   566 | Less 6% | Secured | 100% |
| Secured | $35,181 | Requested   $ 3,904 | Unsecured | *% |
| Unsecured | $ 6,257 | Atty fee    $ 2,800 | Joint | -0-% |
| Joint Debts | $   -0- | Available   $58,361 | Co-Debts | 0% |
| Co-Debtor | $   -0- |  |  |  |
| *See ¶5 |  |  |  |  |

Annual Review:          Yes: () No: (X)
Payroll Deduction:      (X) Yes () No

Objection to Confirmation:   Yes ()   No (X)
Pending:
Resolved:
Motions Filed:      Yes () No (X)
If so, indicate type and status:
Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                              CASE NUMBER:
PAULA JANE JONES                              09-08415-8-SWH
                                                                                         CHAPTER 13
     DEBTOR(S)

## NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before____April 13, 2010____you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 1441
Raleigh, NC 27602

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| John F. Logan | Paula Jane Jones | John T. Orcutt, Attorney |
| Chapter 13 Trustee | 5040 Brooke Lauren Ln. | 6616-203 Six Forks Rd. |
| PO Box 61039 | Raleigh, NC 27616 | Raleigh, NC 27615 |
| Raleigh, NC 27661-1039 | | |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED:__March 16, 2010__

                                                        __/s/ John F. Logan__
                                                        John F. Logan, Chapter 13 Trustee
                                                        PO Box 61039
                                                        Raleigh, NC 27661-1039
                                                        (919) 876-1355

CERTIFICATE OF SERVICE

DEBTOR 1 NAME: PAULA JANE JONES  CASE NUMBER:  0908415
DEBTOR 2 NAME:

I Robert J. Wallace, Jr. certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on 03/16/2010   :

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

JOHN T. ORCUTT, ATTORNEY AT LAW, 6616-203 SIX FORKS RD., RALEIGH NC  27615 -
ANGEL R. GORDON, JOHNSON & FREEDMAN, LLC, 1587 NORTHEAST EXPRESSWAY, ATLANTA GA  30329 -
ARROW FINANCIAL SERVICES, 5996 WEST TOUHY AVE., NILES IL  60714-4610, -
BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING, LP, 7105 CORPORATE CENTER DRIVE, PTX-B-209 PLANO TX  75024 -
BANK OF AMERICA HOME LOANS, 450 AMERICA STREET, SIMI VALLEY CA  93065,  -
BELLSOUTH TELECOMMUNICATIONS, INC., c/o: JAMES GRUDUS, ESQ., AT&T SERVICES, INC., ONE AT&T WAY, ROOM 3A218 BEDMINSTER NJ -
BUREAU OF COLLECTION RECOVERY, PO BOX 9001, MINNETONKA MN  55345-9001, -
CAPITAL MANAGEMENT SERVICES INC, 726 EXCHANGE STREET STE 700, BUFFALO NY  14210,  -
CITY OF DURHAM, DEPT OF FIN, PO BOX 30040, DURHAM NC  27702-3040, -
CITY OF DURHAM, 101 CITY HALL PLAZA, DURHAM NC  27701, -
DILLARD`S, c/o: GE MONEY BANK, PO BOX 103104, ROSWELL GA  30076 -
DURHAM COUNTY TAX COLLECTOR, ATTN:  MANAGER OR REG. AGENT, PO BOX 3397, DURHAM NC  27702 -
FHA, 1500 PINE CROFT ROAD, GREENSBORO NC  27407,  -
FRANKLIN, 2878 WEST JACKSON ST., TUPELO MS  38801, -
GATEWAY CREDIT CARD PLAN, PO BOX 8181, GRAY TN  37615-8181,  -
GATEWAY, C/O CITIBANK, PO BOX 689182, DES MOINES NC  50368-9182 -
GE MONEY BANK, C/O RECOVERY MGMT. SYSTEMS CORP., 25 SE 2ND AVE., STE. 1120, MIAMI FL  33131 -
JEFFERSON CAPITAL SYSTEMS, LLC, PO BOX 7999, SAINT CLOUD MN  56302, -
JEFFERSON CAPITAL SYSTEMS, LLC, ATTN:  MANAGER OR REG. AGENT, PO BOX 953185, ST. LOUIS MO  63195-3185 -
JOHNSON & FREEDMAN, LLC, 1587 Northeast Expressway, Atlanta GA  30329,  -
JON P. CARR, ATTORNEY AT LAW, PO BOX 10669, RALEIGH NC  27605 -
NATIONAL CITY MORTGAGE, a division of NATIONAL CITY BANK, 3232 NEWMARK DRIVE, BANKRUPTCY DEPARTMENT MIAMISBURG OH  453 -
NATIONAL CITY MORTGAGE, P.O. BOX 1820, DAYTON OH  45401-1820, -
PAULA JANE JONES, 5040 BROOKE LAUREN LANE, RALEIGH NC  27616, -
PPM OF RALEIGH, 6739 FALLS OF NEUSE ROAD, RALEIGH NC  27615, -
RIVERSIDE TOWNHOMES ASSOCIATION, INC., PPM, INC., 6739 FALLS OF THE NEUSE ROAD, RALEIGH NC  27615 -
SANTANDER CONSUMER USA, PO BOX 560284, DALLAS TX  75356-0284, -
SANTANDER, 8585 STEMMONS FWY, SUITE 1100-N, DALLAS TX  75247 -
T-MOBILE BANKRUPTCY DEPARTMENT, POST OFFICE BOX 37380, ALBUQUERQUE NM  87176,  -
TRIBUTE CARD, PO BOX 105555, ATLANTA GA  30348-5555,  -
U.S. DEPT. OF EDUCATION, DIRECT LOAN SERVICING CENTER, PO BOX 5609, GREENVILLE TX  75403 -
U.S. DEPT. OF EDUCATION, ATTN:  PAYMENT CENTER, P.O. BOX 530260, ATLANTA GA  30353-0260 -
US ATTORNEY`S OFFICE, MIDDLE DISTRICT, PO BOX 1858, GREENSBORO NC  27402-1858 -
US DEPT OF EDUCATION, DIRECT LOAN SERVICING DEPT., PO BOX 5609, GREENVILLE TX  75403-5609 -
WAKE COUNTY TAX COLLECTOR, P.O. BOX 2331, RALEIGH NC  27602-0550, -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: 03/16/2010     Signature: _Robert J. Wallace, Jr._

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134